DONOVAN v. COLONIAL LIFE INS. CO. OF AMERICA.

(Supreme Court, Appellate Term. December 22, 1909.)

EVIDENCE (§ 477*) — OPINION — NONEXPERT WITNESS — PHYSICAL CONDITION — CAUSE OF DEATH.

In an action on a life insurance policy, which was to be void if representations that the insured had never suffered from consumption, and that neither of his parents had died of that disease, were either of them false, questions to plaintiff, who was a sister of the insured, as to whether deceased had consumption, and if she knew what her mother died of, were questions requiring no expert knowledge, and their exclusion was erroneous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2238; Dec. Dig. § 477.*]

Goff, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Mary L. Donovan against the Colonial Life Insurance Company of America. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Magner & Carew, for appellant.

Cornelius J. Early, for respondent.

GIEGERICH, J. The action is brought upon a policy of life insurance issued by the defendant upon the life of the plaintiff's brother.

One of the provisions of the policy is that it shall be void if any of the representations upon which it was issued are not correct. One of these representations was that the deceased had never suffered from consumption, and another was that neither of his parents had died of that disease. Upon cross-examination various questions asked of the plaintiff which were material upon the question of the falsity of these representations were excluded upon the ground that the plaintiff was not qualified to answer. The questions required no expert knowledge, but related to conditions which any layman might observe, and their exclusion was erroneous and prejudicial to the defendant.

For the errors indicated, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs.

GOFF, J. (dissenting). The question put to plaintiff, sister of the deceased, as to whether or not the deceased had consumption, was not a question to be answered by a layman. I think it was properly excluded. Grattan v. Metropolitan Life Ins. Co., 80 N. Y. 281, 36 Am. Rep. 617. So, also, the question, "Do you know what your mother died of?" the warranty being that the mother of deceased did not die of consumption. These were the only questions excluded on the ground that plaintiff was not qualified to answer.

The judgment should be affirmed, with costs.